trial. This conclusion is entitled to collateral-estoppel effect. *Ibid.* Any further prosecution of the perjury count of the indictment would negate the beneficial effect of the factfinding at the speeding trial to which petitioner is constitutionally entitled.

I therefore dissent.

No. 80–6034. GALL *v.* KENTUCKY. Sup. Ct. Ky.; and

No. 80–6151. KING *v.* FLORIDA. Sup. Ct. Fla. Certiorari denied. Reported below: No. 80–6034, 607 S. W. 2d 97; No. 80–6151, 390 So. 2d 315.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

No. 80–806. DROCIAK *v.* SUPREME COURT OF NEW HAMPSHIRE, 449 U. S. 1106;

No. 80–872. ILLINOIS *v.* SAVORY, 449 U. S. 1101;

No. 80–888. ROWBOTHAM *v.* AMERICAN AIRLINES, INC., ET AL., 449 U. S. 1084;

No. 80–5674. HAMILTON *v.* GEORGIA, 449 U. S. 1103; and

No. 80–5715. CLARK *v.* LOUISIANA, 449 U. S. 1103. Petitions for rehearing denied.

MARCH 23, 1981

No. 79–1733. W. D. R. *v.* TAYLOR COUNTY CHILD WELFARE UNIT. Appeal from Ct. Civ. App. Tex., 11th Sup. Jud. Dist., dismissed for want of substantial federal question.

No. 79–6370. ABLE ET UX. *v.* DELAWARE. Appeal from Sup. Ct. Del. dismissed for want of substantial federal question.